# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID SALGADO-RAMIRO,<br><br>　　　　Defendant. | Case No. 15-cr-00436-BLF-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: ECF 18] |

A criminal complaint was filed against Defendant David Salgado-Ramiro on September 11, 2014, charging him with one count of illegal reentry in violation of 8 U.S.C. § 1326. Defendant was indicted one year later, on September 10, 2015. He was arrested six months after the indictment, on March 2, 2016, and he made an initial appearance in federal district court on the same date.

Defendant moves to dismiss the indictment, claiming that the Government's decision to delay in proceeding against him until eighteen months after filing the criminal complaint violated his speedy trial rights under the Sixth Amendment. Defendant's motion is DENIED for the reasons discussed below.

## I.  BACKGROUND

The criminal complaint alleges that Defendant is a citizen of Mexico who has an extensive criminal record in the United States and three prior deportations. Compl., ECF 1. The complaint alleges that Defendant most recently was discovered in the United States on August 28, 2014. *Id.* Shortly thereafter, he was charged in state court with two counts of sexual battery and a third related offense. Information, Exh. B. to Pl.'s Opp., ECF 19-1. Defendant was convicted on the sexual battery charges and sentenced to three years imprisonment. Rap Sheet, Exh. A to Pl.'s

Opp., ECF 19-1.

On September 11, 2014, the Government filed the criminal complaint in the present case, charging Defendant with illegal reentry in violation of § 1326. The Government obtained an indictment on the § 1326 charge on September 10, 2015. On the information form attached to the indictment, the United States Attorney's Office checked the box for "fugitive" rather than the box for "in custody" on another charge or conviction, despite the fact that Defendant had been in continuous state custody since August 2014. The United States Attorney's Office left blank the portion of the form containing "yes" and "no" boxes to indicate whether a detainer had been filed. The Government concedes that in fact no detainer had been filed, nor had Defendant otherwise been informed of the federal § 1326 charge prior to his arrest. Defendant was arrested on the outstanding § 1326 charge on March 2, 2016, immediately after completing his three-year state sentence. Defendant made an initial appearance on the same date in the Central District of California and he appeared in this Court on March 14, 2016.

Defendant argues that the delay between the filing of the complaint and his initial appearance violated his Sixth Amendment right to a speedy trial.

## II.   LEGAL STANDARD

"The Sixth Amendment guarantees that, '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial. . . .'" *Doggett v. United States*, 505 U.S. 647, 651 (1992) (alterations in original). The Supreme Court has qualified the sweep of the Speedy Trial Clause, which would forbid any governmental delay of trial at all, by recognizing the relevance of four factors in determining whether a deprivation of speedy trial rights has occurred: (1) the length of the delay before trial; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial rights; and (4) any prejudice to the defendant. *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). The first factor "is actually a double enquiry." *Id.* "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay, since, by definition, he cannot complain that the government has denied him a speedy trial if it has, in fact, prosecuted his case with customary promptness." *Id.* at 651-52 (internal quotation marks and citations omitted).

"Although there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial." *United States v. Gregory,* 322 F.3d 1157, 1161-62 (9th Cir. 2003) (citing *Doggett*, 505 U.S. at 652 n.1). "If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett*, 505 U.S. 652.

### III. DISCUSSION

#### A. Threshold Consideration of Length of Delay

Defendant argues that the delay before trial must be calculated from the filing of the criminal complaint. If Defendant is correct, the eighteen months between the filing of the complaint and his initial appearance would constitute a presumptively prejudicial delay sufficient to trigger application of the *Barker* test. However, the Government argues that the delay must be calculated from the date of the indictment, not the date of the criminal complaint. If the Government is correct, the six months between the indictment and Defendant's initial appearance would not constitute a presumptively prejudicial delay and thus would not trigger a speedy trial analysis under *Barker*.

Surprisingly, the law on this issue appears to be unsettled. Defendant relies on Ninth Circuit cases, as well as cases from this District, suggesting that the delay properly may be calculated from the filing of the criminal complaint. *See, e.g., United States v. Terrack*, 515 F.2d 558, 559 (9th Cir. 1975); *Northern v. United States,* 455 F.2d 576, 579 (9th Cir. 1972)*; Benson v. United States,* 402 F.2d 576, 579 (9th Cir. 1968); *United States v. Gonzalez-Avina*, CR 06-00004 MHP, 2006 WL 618644, at *5 (N.D. Cal. Mar. 10, 2006). The Government counters with Supreme Court and Ninth Circuit cases suggesting to the contrary. *See, e.g., United States v. Marion*, 404 U.S. 307, 319 (1971); *Arnold v. McCarthy,* 566 F.2d 1377, 1382 (9th Cir. 1978). This Court need not resolve this apparent split of authority, because even if the Court were to accept Defendant's position, it would deny the motion for the reasons discussed below.

#### B. Application of the *Barker* Test

Assuming a delay of eighteen months for purposes of this motion, the Court concludes that Defendant has demonstrated a presumptively prejudicial delay and thus it proceeds to a speedy

3

trial analysis under the *Barker* test.

### 1. Length of the Delay (Factor 1)

Even when the delay is beyond the presumptive one-year threshold, a defendant must show actual prejudice if the delay is not significantly greater than one year and is attributable merely to negligence on the part of the Government. *Gregory,* 322 F.3d at 1163. Only where the delay is "great and attributable to the government" is the defendant excused from showing actual prejudice. *Id.* at 1162.

In *United States v. King*, the court found that a nearly two-year delay was not excessive, and thus did not "seriously weigh" in defendant's favor. *See United States v. King* 483 F.3d 969, 976 (9th Cir. 2007). Likewise, in *Gregory*, a twenty-two-month delay was found to be "not excessively long." *Gregory*, 322 F.3d at 1162. In *United States v. Beamon*, the court found that seventeen-month and twenty-month delays were not excessive. *United States v. Beamon,* 992 F.2d 1009, 1012-1014 (9th Cir. 1993). Finally, in *Gonzalez-Avina*, the court found that the defendant's delay of twenty-two months did not excuse the defendant from showing actual prejudice. *Gonzalez-Avina*, 2006 WL 618644, at *5.

The delay in the present case falls squarely within the range of delays that other courts have found to be not significantly greater than one year. And, as discussed below, the record does not establish that the delay was due to anything other than negligence on the part of the Government. Accordingly, the Court concludes that while the delay weighs in Defendant's favor, he must show actual prejudice to establish a violation of his speedy trial rights.

### 2. Reason for the Delay (Factor 2)

The second *Barker* factor requires an inquiry into the reason for the delay. *Barker*, 407 U.S. at 531. "[D]ifferent weights should be assigned to different reasons" for delay. *Id.* at 531. A "deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government." *Id.* "A more neutral reason such as negligence or overcrowded courts should be weighted less heavily" against the government. *Id.* In either circumstance, however, the delay should be considered, because the ultimate responsibility for such circumstances rests with the Government.

Defendant argues that the Government intentionally delayed in proceeding after filing the criminal complaint. Defendant points to the errors on the information sheet attached to the indictment, which labeled him as a "fugitive" who was "not in custody" when in fact he was in custody, and which failed to indicate whether a criminal detainer had been lodged. Defendant apparently wishes the Court to infer that those errors in fact were not errors at all, but were part of an intentional decision to delay the present case. Defendant's argument on this point is pure speculation. The Court cannot infer any intention on the part of the Government based upon errors on a standardized form.

Defendant contends that other courts in this District have found that the United States Attorney's Office has a practice of delaying cases involving state prisoners charged with violating § 1326. *See* Def.'s Mot. at 4-5 (citing *United States v. Maria Martinez-Alcala*, No. 10-cr-00828-DLJ; *United States v. Ernesto Nogueda-Pino*, No. 11-cr-00704-RMW; and *United States v. Andres Gomez-Gutierrez* No. 14-cr-00400-EJD). In each of those cases, the district court chastised the Government for causing delay, characterizing the Government's conduct as grossly negligent or suggestive of an apparent practice. However, the cases did not make factual findings and cannot be interpreted to establish a practice of delay. Moreover, in all three cases the motions to dismiss on speedy trial grounds were denied. Based on the record presented here, this Court cannot find a practice of delay by the United States Attorney.

The Court concludes that although the eighteen-month delay is attributable to the Government, and therefore weighs in Defendant's favor, it does not weigh in Defendant's favor to the extent argued by Defendant.

### 3. Assertion of Speedy Trial Rights (Factor 3)

With respect to the third factor, whether and to what extent the defendant asserted his right to a speedy trial, the Court concludes that Defendant in the present case asserted his rights in a timely fashion. The Government points out that Defendant made three post-arraignment requests for continuances, and it argues that those requests undermine Defendant's claim that the prior delay was prejudicial. The Government relies upon *United States v. King*, in which the defendant was indicted in May 2003 but was not brought to trial until almost two years later, in February

2005. *King*, 483 F.3d at 976-77. The Ninth Circuit noted that the defendant had acquiesced in and sought continuances and exclusions of time during that two-year period, and it concluded that as a result the third *Barker* factor did not weigh heavily in favor of finding a Sixth Amendment violation.

*King* is factually distinguishable from the present case, because while in *King* the defendant's requests for continuances and exclusions occurred during the asserted period of delay, in the present case Defendant's requests for continuances occurred after the asserted period of delay (the eighteen months between the filing of the complaint and Defendant's initial appearance). Moreover, it appears that at least one of Defendant's requests for continuance was made for the purpose of filing the present motion to dismiss. Thus while Defendant's requests for continuances may slightly undermine his position, the Court concludes that overall this factor weighs in Defendant's favor.

### 4. Prejudice Resulting from Delay

The fourth *Barker* factor, whether the defendant has suffered actual prejudice as a result of the delay, is of particular importance here because, as discussed above, Defendant must demonstrate actual prejudice in order to establish a speedy trial violation. Defendant argues that because he was not arrested on the § 1326 charge until after he had completed his state sentence, he was deprived of the opportunity to request that his federal sentence run concurrently with his state sentence. He also argues that because he was not arrested on the § 1326 charge until after he was convicted on the state charges, his criminal history category has increased from Criminal History Category II to Criminal History Category III, which has resulted in a meaningful increase in his Sentencing Guideline range.

Other courts have observed that "any sentencing prejudice that defendant might suffer is speculative rather than actual, and thus not an adequate basis for establishing a violation of the Sixth Amendment." *Gonzalez-Avina*, 2006 WL 618644, at *5. In *Gregory*, the Ninth Circuit observed that "in light of the district court's ability to depart downward, any sentencing prejudice that Gregory might suffer is speculative rather than actual." *Gregory*, 322 F.3d at 1164. This Court finds the asserted prejudice resulting from Defendant's inability to request concurrent

6

sentencing to be particularly speculative here, because Defendant's state law offense of sexual battery was wholly unrelated to the immigration offense, rendering it highly unlikely that the Court would have been inclined to grant a request for concurrent sentencing.

Moreover, it appears that Defendant actually may experience a benefit from the delay in light of the proposed revisions to the Sentencing Guidelines that are expected to take effect on November 1, 2016. If convicted, Defendant will fare better under the revised Sentencing Guidelines than he would have fared under the current Sentencing Guidelines had the delay not occurred. While Defendant's criminal history category has increased as a result of his state conviction, under the revised Sentencing Guidelines, Defendant's criminal history level will drop from Level 24 to Level 18, putting him in a sentencing range of 33-41 months rather than the 57-71 months under the current Guidelines. Defendant acknowledged this consequence of the delay at the hearing.

The Court therefore concludes that Defendant has not established any actual prejudice resulting from the asserted delay.

### C. Conclusion

After weighing the *Barker* factors, the Court finds that Defendant has not established actual prejudice resulting from the asserted eighteen-month delay and therefore has not established a violation of his speedy trial rights.

## IV. ORDER

The motion to dismiss the indictment is DENIED.

Dated:  September 19, 2016

_____
BETH LABSON FREEMAN
United States District Judge